UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GASPER J. PALAZZO, JR., LLC** | \* | **CIVIL ACTION** |
| | \* | |
| **VERSUS** | \* | **NO. 11-1316** |
| | \* | |
| **ELIZABETH BERRY** | \* | **SECTION "L"(2)** |

## ORDER & REASONS

The Court has pending before it a motion to dismiss filed by Plaintiff Gasper J. Palazzo, Jr., LLC ("the LLC") and Gasper J. Palazzo, Jr. ("Palazzo"). (Rec. Doc. 12). The Court has reviewed the briefs and the applicable law, as well as the stipulation filed by the parties (Rec. Doc. 24), and now issues this Order and Reasons.

This case arises out of the lease of a building in Slidell, Louisiana for use as a furniture store. The LLC alleges that it leased 3755 Pontchartrain Drive in Slidell, Louisiana, to Defendant Elizabeth Berry ("Berry"), through a lease agreement dated April 1, 2006. The LLC alleges that the terms of the lease defined monthly rent of $4120 per month for the third year, $4,243.60 in the fourth year, and $4,370.91 in the fifth year, and also required Berry to pay costs of operation, maintenance, and taxes. The lease also provided for a 10% monthly late charge and, in the event of a dispute, requires the non-prevailing party to pay the other's attorney's fees and costs. The LLC alleges that Berry stopped making lease payments in September 2008, and has failed to make any required payments since that date. The LLC filed suit in this court seeking unpaid rent totaling $93,126.84, $41,800 for maintenance and repair costs, the 10% late charge, and attorney's fees and costs.

Berry filed an answer, alleging that she and the LLC terminated the lease in Spring, 2007,

and the premises were thereafter leased to a new tenant, who was then constructively evicted. Berry denies that the LLC has accurately stated the terms of the lease and denies that she owes anything under the lease. In her answer Berry also asserted counterclaims against the LLC and Gasper J. Palazzo, Jr., individually.[1] In her counterclaims, Berry asserts defamation, malicious prosecution, fraud, civil conspiracy to commit fraud, and extortion.

      The LLC and Palazzo now move to dismiss the counterclaims asserted against them. They argue that Berry's claims all derive from the complaint filed in this case and are premature until such time as the case is resolved. In response, Berry acknowledges that "the great weight and preponderance of authority is that these claims are premature." (Rec. Doc. 23 at 2).

      "It is clear that a cause of action for malicious prosecution or for defamation arising from allegations in a complaint does not arise until the termination of the particular proceeding which is the basis of the action." *Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir. 1985). Although Plaintiff applies numerous labels, including defamation, malicious prosecution, abuse of process, filing of a frivolous lawsuit, fraud, and extortion, the crux of the counterclaims relates to the filing of the complaint in this case rather than the underlying business relationship between the parties. (Rec. Doc. 9 at 9-11). Berry's counterclaims, however they are labeled, will not be ripe until the claims asserted in the complaint are resolved. The Court agrees with Berry that it is "undesirable to engage in hairsplitting legal analysis as to which claims are or are

---

[1] In her answer, Berry asserted the counterclaim against the LLC, the named Plaintiff, and against Palazzo, who was not a party to the action. (Rec. Doc. 9 at 5). However, in her response to the motion to dismiss, she characterizes the claim against Palazzo as a third-party complaint. (Rec. Doc. 23 at 1). The claim against Palazzo is correctly characterized as a counterclaim because it was asserted both against him and against a pre-existing party, the LLC. *See State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 578 & n.2 (5th Cir. 2004).

not premature." (Rec. Doc. 23 at 2).  Moreover, the parties have stipulated that dismissal of the counterclaims without prejudice is appropriate and that, upon resolution of the claims stated in the complaint, the LLC and Palazzo will not assert any prescription defense should Berry renewed these counterclaims.  (Rec. Doc. 24).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Berry's counterclaims against the LLC and Palazzo are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 18th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE